## JOHN YARNALL *vs.* ELIZABETH F. HADDAWAY.

Requisites of affidavit by landlord against tenant, to procure attachment under Dig. 365.

ATTACHMENT for rent under the first clause of section 9, of the "Act concerning landlords and tenants." (*Dig.* 365.)

Rule to show cause why the writ of attachment should not be quashed as irregularly issued.

The writ was issued on the following affidavit:

New Castle county, ss. Personally appears before me, James C. Mansfield, prothonotary, &c., Samuel S. M'Caulley, who being duly

sworn, upon his oath, deposeth and says, that Elizabeth F. Haddaway is the tenant of a dwelling and store in the city of Wilmington, belonging to John Yarnall, at the yearly rent of        dollars; that twenty-one dollars and seventy-five cents of the said rent will be due on the 25th day of December, instant, 1846; and the further sum of sixty-eight dollars and seventy-five cents, portion of the said rent, will be due on the 25th day of March, A. D., 1847; and that he does, on good grounds, believe that the said tenant intends to remove her effects from the county, and will remove the same, before the said rent will be due.

Sworn and subscribed at New Castle, &c.

BOOTH, *Chief Justice.*—The act of 1829, gives a summary remedy to the landlord to recover rent not due, upon the affidavit of himself, or any credible person for him, stating the rent, and when it will be due, and that he does on good grounds believe that the tenant intends to remove his effects from the county, and will remove the same before the rent will be due. This act is in derogation of the common law, and gives a great and dangerous power to a landlord, for which he would be responsible only (perhaps,) in an action for *maliciously* suing out the attachment; and the court ought to require at least the same strictness in the preliminary affidavit, as in an affidavit to hold to bail.

The remedy of this act is given to a *landlord,* against a *tenant,* for premises *demised,* at a *certain rent,* for which the remedy by *distress* would exist when the rent falls due; and these things ought therefore, *all* to appear by the affidavit; namely, that it is made by a landlord or by some credible person *for him;* that the defendant holds the premises by demise at a certain rent, which ought to be stated, the amount thereof, and when it will be due; with the other requisites of the act.

This affidavit is defective, as not showing such a holding by the defendant as would entitle plaintiff to a remedy by distress; for not showing the amount of the annual rent, and when payable; as well as for not showing in whose behalf it is made.

The proceeding under the last paragraph of section 9, of this act, is essentially different. It is a proceeding against the *person* of the tenant for better security, according to section 20 of the general attachment law. (*Dig.* 51.) In that case the defendant is arrested, and upon his appearance in court at the return of the writ, is obliged to give better security, if the court shall see cause on hearing to order it; but if the court shall be of opinion that there was not sufficient

cause for demanding better security, or for causing the defendant to be arrested, judgment shall be given against the plaintiff, who shall be condemned in costs, &c. This opens the whole matter for the judgment of the court where the proceeding is under this clause of the act of 1829; but where the proceeding is by attachment, and founded on the affidavit of intention to remove goods before the rent will be due, so as to defeat a distress, the court have only to inquire whether the affidavit presents a state of facts entitling the plaintiff to the writ of attachment. If his proceeding has been without cause and malicious, the defendant's remedy is by action.

Attachment quashed.

*Whitely*, for the rule.
*Gilpin*, contra.